FILED
2016 Oct-07  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLEOPHAS JONES,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.:** |
| **CONVERGENCE RECEIVABLES, LC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant and states as follows:

1.   This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

2.   Defendant sued the Plaintiff for a debt Plaintiff did not owe.

3.   The lawsuit against Plaintiff was filed in a hope of obtaining a default judgment or coercing Plaintiff into paying on a debt Plaintiff did not owe.

4.     This is the pattern of collection activity by Defendant in its collection lawsuits in Alabama.

5.     The Plaintiff won the lawsuit when Defendant filed a motion to dismiss the lawsuit with prejudice.

## JURISDICTION

6.     Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's specific conduct with Plaintiffs in Alabama.   All the actions described in this suit occurred in Alabama.

7.     Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

8.     Venue is proper as Defendant does business in this judicial district.

## PARTIES

9.     Plaintiff Cleophas Jones (hereinafter "Plaintiffs") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   Defendant Convergence Receivables, LC, ("Defendant" or "Convergence[1]")
      is a foreign debt collection firm that engages in the business of debt
      collection in this judicial district in Alabama.  It is a "debt collector" under
      the FDCPA.  It is incorporated in Iowa and has its principal place of
      business in Iowa.  Upon information and belief, any and all members of the
      LC are citizens of Iowa.

## RECOGNITION BY CONGRESS OF THE
## WIDESPREAD ABUSE BY COLLECTORS

11.   Congress found it necessary to pass the FDCPA due to rampant abusive
      practices by dishonorable debt collectors.

12.   Congress recognized that there are four social ills caused by abusive debt
      collection:  (1) Unnecessary personal bankruptcies; (2) Marital instability;
      (3) Loss of jobs; and (4) Invasions of individual privacy.

13.   Congress also found that it is fundamentally unfair for the abusive collection
      agencies to have an unfair competitive advantage over those honorable debt
      collectors that decide to obey the law and follow the rules.

14.   15 USC § 1692 is entitled "Congressional findings and declaration of
      purpose" and it states as follows:

---

[1] "Convergence Receivables, LC" means Convergence directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, or otherwise took any collection action against Plaintiff.

(a)  There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)  **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)  It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## The District Court Collection Lawsuit

15.  On March 27, 2015, Defendant Convergence sued Plaintiff in the District Court of Mobile County, Alabama, with a case number of DV-2015-900724.

16.  In this suit, Defendant Convergence asserted it was the owner of a certain debt allegedly owed by Plaintiff.

17.  Defendant Convergence alleged Plaintiff owed Convergence $3,659.36.

18.  Defendant Convergence also claimed court costs and attorney fees.

19.  Defendant knows that Plaintiff has never done business with Defendant.

20. This lawsuit, and the other Alabama lawsuits filed by Defendant Convergence every year, was filed with the intention of getting settlements from pro se consumers and default judgments on debts that Defendant Convergence cannot and will not prove it has any right to collect on.

21. Another intention of Defendant Convergence was to continue to allow the case to move towards trial with the intent that the Plaintiff would be intimidated into paying on a debt not owed and/or Defendant Convergence could receive a default judgment.

22. Defendant Convergence knew Plaintiff did not owe the debt sued on to Defendant Convergence.

23. Defendant Convergence made misrepresentations and false statements in the lawsuit including that a debt was owed – Plaintiff owed none to Defendant Convergence.

24. Defendant Convergence misrepresented the amount owed when Plaintiff owed Defendant Convergence nothing on this account.

25. Defendant Convergence misrepresented the legal status of the debt as being owed when Plaintiffs owed nothing to Convergence.

26. Defendant Convergence misrepresented that Defendant Convergence had standing and the right to bring the lawsuit when Defendant Convergence did not have standing and did not have the right to bring the lawsuit.

27. Defendant Convergence did not own the debt at the time the lawsuit was filed but it misrepresented that it did own the debt.

28. Defendant Convergence did not own the debt at any time the lawsuit was pending but it misrepresented that it did own the debt.

29. Plaintiff never owed the alleged debt to anyone, including Defendant Convergence.

30. This bogus collection suit against Plaintiff was brought as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to Defendant Convergence in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers, including Plaintiff.

## Plaintiff Is Served

31. Plaintiff was served on April 3, 2015.

32. Plaintiff did not and does not owe the debt to Convergence.

33. Plaintiff hired an attorney to help him on this matter.

34. Plaintiff's counsel contacted Defendant Convergence on numerous occasions to let Defendant Convergence know that Plaintiff owed no money to Defendant Convergence and should not be sued.

35. Defendant Convergence refused to respond to Plaintiff.

36. Defendant Convergence refused to listen to Plaintiff and refused to voluntarily dismiss the case against Plaintiff even though they knew he did not owe the debt.

37. So Plaintiff filed a motion, "Motion to Quash Service, Motion to Dismiss and Notice to Plaintiff and Plaintiff's Counsel."

38. On January 19, 2016, the Court entered an Order stating "The motion of the Plaintiff to dismiss the party served as the Defendant from this suit is granted. The **served Defendant, Cleophas Jones** ... is **dismissed with prejudice**." (Emphasis added).

39. This should have ended this matter.

40. But Convergence was not willing to let this go since it knows Plaintiff has money as a successful State Farm Agent who is well known in the community.

41. Defendant Convergence served the Plaintiff on May 18, 2016, a second time with the same lawsuit.

42. The same lawsuit Plaintiff had already been dismissed from with prejudice four (4) months earlier.

43. On June 1, 2016, Defendant Convergence even filed a Motion for Default Judgment against Plaintiff.

44.  The Judge entered an Order denying the Motion for Default Judgment on June 1, 2016 for lack of proper proof of assignment on the original account.

45.  On June 1, 2016, Plaintiff's attorneys filed a Motion to Quash Service and Motion to Dismiss with Prejudice.

46.  On June 2, 2016, the Court granted Plaintiff's Motion to Quash Service and dismissed the case with prejudice.

47.  Defendant Convergence did not appeal and the time to appeal the June 2, 2016, Order has expired.

48.  Defendant Convergence made a conscious choice to continue to allow the lawsuit to move forward even though Defendant Convergence knew that there was no merit to the case against Plaintiff, but Defendant Convergence sought to use the lawsuit and the court process to force Plaintiff to pay money on a debt Plaintiff did not owe to Defendant Convergence.

49.  The adjudication on the merits is final and against Defendant Convergence.

**Remaining Factual Allegations Against Defendant Convergence**

50.  Defendant Convergence has collected against Plaintiff when Plaintiff did not owe any money to Defendant Convergence on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a non existent debt from anyone, including Plaintiff.

51. Defendant Convergence has misrepresented the debt to Plaintiff, including the amount of the debt, as none is owed.

52. Defendant Convergence has misrepresented the debt to Plaintiff, including the legal status of the debt, as none is owed.

53. Defendant Convergence has taken action it knows is illegal including suing on a debt it knew Plaintiff did not owe, on a debt it does not own.

54. Defendant Convergence knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused by the filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by Plaintiff, the filing of a lawsuit when Defendant Convergence did not own the debt, by misrepresenting numerous facts in the lawsuit, and by all other wrongful acts described in this Complaint.

55. The debt being collected is a consumer debt as defined by the FDCPA.

56. Plaintiff is a "consumer" as defined by the FDCPA.

57. Defendant Convergence is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Defendant Convergence.

58.   Defendant Convergence has full knowledge of what it is doing by filing bogus lawsuits– it is a sophisticated debt collector (debt buyer) and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendant Convergence has no right to take under state law and under the FDCPA.

59.   Defendant Convergence knows that it is suing Alabama consumers (including Plaintiff) who do not owe the debt being sued upon.

60.   Defendant Convergence knows that it is suing Alabama consumers (including Plaintiff) on debts that Defendant Convergence does not own which Defendant Convergence knows is not allowed in Alabama.

61.   Defendant Convergence is counting on the fact that many Alabama consumers (including Plaintiff) will not answer and so default judgments will be entered.

62.   This type of "scattershot" litigation strategy is improper, deceptive, and abusive as it is fundamentally unfair and deceptive to sue consumers (including Plaintiff) who do not owe the debt and it is also improper to sue when there is no intention of proving the lawsuit filed.

63.   Defendant Convergence knows that its "scattershot litigation" is improper but it has decided that this is the most effective way (as opposed to only making collection calls and sending collection letters) to obtain money from Alabama consumers who do not owe the money to Defendant Convergence.

64.   The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

65.   It is a practice of the Defendant Convergence to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

66.   All actions taken by employees, agents, servants, or representatives of any type for the Defendant Convergence were taken in the line and scope of such individuals' employment, agency or representation.

67.   At no time has Defendant Convergence told or implied to Plaintiff that any conduct by any agent or employee of Defendant Convergence was outside the line and scope of such employment or agency.

68.   This includes collection counsel for Defendant Convergence who in all ways conducted themselves in the line and scope of their agency and representation of Defendant Convergence.

69.   All actions taken by the Defendant Convergence were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

70.   Defendant Convergence has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and as such Defendant Convergence is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

71.   Defendant Convergence is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

72.   At no time before the collection suit, during the collection suit, after the collection suit, or even up to the date this Complaint is filed, has Defendant Convergence directly or indirectly, expressly or implicitly, apologized to the Plaintiff for the conduct described in this Complaint, which demonstrates

that the conduct described was not accidental or unintentional but instead was intentional.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d

73.   Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

74.   Defendant Convergence violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 1-72.

75.   The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

### COUNT II.

### VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
### 15 U.S.C. § 1692e

76.   Section 1692e states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

77. Defendant Convergence violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 1-72.

78. The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

79. Section 1692e(2) states, "The false representation of the character, amount, or legal status of any debt;"

80. Defendant Convergence violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs 1-72.

81. The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

82. Section 1692e(10) states, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

83.   Defendant Convergence violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 1-72.

84.   The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

85.   Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

86.   Defendant Convergence violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 1-72.

87.   The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

88.   Section 1692f(1) states, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless

such amount is expressly authorized by the agreement creating the debt or permitted by law."

89.     Defendant Convergence violated Section 1692f(1) by collecting this debt as alleged in this Complaint in paragraphs 1-72.

90.     The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

## INVASION OF PRIVACY

91.     Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Convergence violated Alabama state law as described in this Complaint in paragraphs 1-72 and in the paragraphs of this Count.

92.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

93.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of

consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

94. Defendant Convergence intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

95. Defendant Convergence intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

96. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

97. The conduct of Defendant Convergence, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions

and invasions of privacy by Defendant Convergence which occurred in a way that would be highly offensive to a reasonable person in that position.

98. This conduct includes the filing of a public lawsuit against Plaintiff.

99. A public lawsuit that has no merit and Defendant Convergence knew at the time it filed the lawsuit that it had no merit.

100. All of the wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant Convergence in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

101. The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

102. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Convergence.

103. All acts of Defendant Convergence were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Convergence is subject to punitive damages.

## COUNT VIII.

## NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

104. Defendant Convergence's collectors are allowed and encouraged to break state law in order to collect debts.

105. This includes all of the violations of the law described in this Complaint in paragraphs 1-72 and the paragraphs in this Count.

106. Defendant Convergence is aware of the wrongful conduct of its collectors.

107. Defendant Convergence negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Convergence is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

108. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of a plan to be negligent in allowing incompetent collectors to run wild and damage Plaintiff while Defendant Convergence sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

19

109. The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IX.

## WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

110. Defendant Convergence 's collectors are allowed and encouraged to break state law in order to collect debts.

111. This includes all of the violations of the law described in this Complaint in paragraphs 1-72 and the paragraphs in this Count.

112. Defendant Convergence is aware of the wrongful conduct of its collectors.

113. Defendant Convergence wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff and Defendant Convergence is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

114. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of a well orchestrated design

and plan of wantonly allowing incompetent collectors to run wild and damage Plaintiff while Defendant Convergence sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

115.  The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT X.

### INTENTIONAL HIRING, TRAINING, AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

116.  Defendant's collectors are allowed and encouraged to break state law in order to collect debts.

117.  This includes all of the violations of the law described in this Complaint in paragraphs 1-72 and the paragraphs in this Count.

118.  Defendant Convergence is aware of the wrongful conduct of its collectors.

119.  Defendant Convergence intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Convergence is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

120.  Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer

this as there is no other explanation for how a large debt buying company, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of an intentional well orchestrated design and plan of allowing incompetent collectors to run wild and damage Plaintiff while Defendant Convergence sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

121.  The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI.

## WANTON CONDUCT

122.  Defendant Convergence had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

123.  Defendant Convergence had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

124.  Defendant Convergence acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint in paragraphs 1-72 and the paragraphs in this Count.

125. Defendant Convergence violated all of the duties Defendant Convergence had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

126. It was foreseeable, and Defendant Convergence did in fact foresee it, the each and every action of Defendant Convergence (filing a bogus lawsuit two times against Plaintiff) would lead and did lead to the exact type of harm suffered by Plaintiff.

127. The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

## MALICIOUS PROSECUTION AGAINST DEFENDANT CONVERGENCE

128. Defendant Convergence instituted and continued prosecuting the lawsuit (twice) against Plaintiff with no reasonable basis to do so as Plaintiff did not owe Defendant Convergence the debt sued upon.

129. Defendant Convergence continued to prosecute the case with no reasonable basis to do so as Plaintiff did not owe Defendant Convergence the debt sued upon.

130. Defendant Convergence filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against

Plaintiff if Plaintiff did not answer the suit.  While this failed, the attempt by Defendant Convergence shows the malice against Plaintiff.

131.  Defendant Convergence instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiffs to pay Defendant Convergence money on a non-existent debt.

132.  The malicious plan of Defendant Convergence included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and/or seizures of property and the Defendant Convergence tried to accomplish this by the Defendant Convergence's malicious and abusive actions.

133.  Throughout the entire illegal lawsuit against Plaintiff, Defendant Convergence knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant Convergence knew it was not entitled to receive.

134.  The litigation against Plaintiff filed by Defendant Convergence eventually resulted in adjudication in favor of Plaintiff on January 19, 2016 and June 2, 2016.

135. The illegal and improper actions of the Defendant Convergence constitutes malicious prosecution and this cause of action is supported by paragraphs 1-72 of the Complaint and the paragraphs in this Count.

136. This is the pattern and practice of Defendant Convergence – to file suits with no basis in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suit filed by Defendant Convergence.

137. The conduct of the Defendant Convergence has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiffs**


**Serve defendant via certified mail at the following address:**

Convergence Receivables, LC
c/o Charles Litow
222 3rd Street, Suite 319
Cedar Springs, Iowa 52401